**Geral W. SOSBEE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3057.

United States Court of Appeals, Federal Circuit.

June 5, 2003.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

## DECISION

PER CURIAM.

The decision of the Merit Systems Protection Board ("Board"), dismissing for lack of jurisdiction a petition to review a decision of the Office of Personnel Management ("OPM"), is affirmed.

## OPINION

### I

The petitioner Geral W. Sosbee requested OPM to include credit for service as a law enforcement officer in computing his retirement annuity. In a letter, which it described as its "initial decision," OPM rejected his claim. It told Sosbee, however:

> If you wish to dispute our findings, you may request reconsideration. . . . After receipt of your request for reconsideration[ ], OPM will issue a final decision in this matter. If you disagree with OPM's final decision, you can appeal to the Merit Systems Protection Board (MSPB). You may appeal to the MSPB only after OPM has issued a final decision.

Sosbee did not request reconsideration. Instead, he appealed OPM's initial decision to the Board. OPM moved to dismiss the appeal for lack of jurisdiction, because the agency had not issued a final decision. In its motion to dismiss, OPM stated: "Once the appeal is dismissed OPM will issue a reconsideration decision."

In an initial decision, which became final when the Board refused to review it, the Board's administrative judge dismissed the appeal for lack of jurisdiction. *Sosbee v. Office of Pers. Mgmt.*, No. SF–0831–02–0133–I–1, 2002 WL 31189315 (M.S.P.B. Jan.2, 2002). He ruled:

> Under 5 C.F.R. § 831.110, only *final* Office of Personnel Management decisions regarding retirement matters may be appealed to the Board. Here, the appellant has not established that the agency has issued a final, reconsideration decision in this matter.

*Id.* at *2.

The administrative judge stated that although Sosbee alleged that " 'OPM issued a final decision/order but did so in secret and never notified Appellant[,]' [h]e submitted nothing in support of that statement." *Id.*

### II

Under the governing statute, the Board's jurisdiction is limited to reviewing "any action which is appealable to [it] under any law, rule or regulation." 5 U.S.C. § 7701(a) (2000). An OPM decision relating to retirement is appealable to the Board. *Id.* § 8347(d)(1). Under OPM's implementing regulations, the Board cannot entertain an appeal under that provision unless and until OPM has issued a final reconsideration decision. *See* 5 C.F.R. §§ 831.109, 831.110 (2002); *Preece*

*v. Dep't of the Army,* 50 M.S.P.R. 222, 226 (1991); *Dragonette v. Office of Pers. Mgmt.,* 71 M.S.P.R. 384, 386 (1996).

■ The record shows that OPM has issued only an initial, but not a final decision on Sosbee's claim for law enforcement officer credit. In its letter ruling to Sosbee, which it described as its "initial decision," OPM explained to him the procedure for seeking reconsideration and told him that "after it received" his "request for reconsideration," "OPM will issue a final decision in this matter. If you disagree with OPM's final decision, you can appeal to the Merit Systems Protection Board (MSPB). You may appeal to the MSPB only after OPM has issued a final decision." Sosbee does not contend that he requested such reconsideration. Although he stated in an amendment to his petition for review that "OPM issued a final decision/order but did so in secret and never notified Appellant," he provided no factual basis or support for that contention. Since OPM had not issued a final decision on his claim, the Board properly dismissed his appeal for lack of jurisdiction.

Sosbee makes a number of other contentions, including that the Board failed to consider his claims of violation of the Americans with Disabilities Act and "prima facie evidence of bad faith and criminal retaliation against Petitioner by the FBI as set forth in Petitioner's website." The only issue before this court, however, is whether the Board properly dismissed Sosbee's appeal because OPM had not yet issued a final decision on his claim for law enforcement officer credit. Sosbee's alternative arguments are irrelevant to that claim, and we therefore do not consider them.